UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DANIELLE BROWN,

                Plaintiff,

        v.

GREAT NECK PARK DISTRICT,

                Defendant.

**MEMORANDUM AND ORDER**
2:21-CV-5484 (LDH) (SIL)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

    Danielle Brown ("Plaintiff") brings this action against Great Neck Park District ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's NYLL claims.

## BACKGROUND[1]

    Defendant is a "special district"[2] for the town of North Hempstead that operates and controls public facilities such as tennis courts, pools, skating rinks, and parks. (*See* Compl. ¶ 7, ECF No. 1.) Defendant was established in 1916 under New York Town Law. (*See* Ex. D at 2, Kleinberg Decl., ECF No. 20-4.) Defendant has no taxation power but derives its funding from

---

[1] Defendant has appended to its motion to dismiss multiple exhibits taken directly from its website for the Court's consideration. Courts can take judicial notice of "documents retrieved from official government websites" or other "relevant matters of public record" on a Rule 12(b)(6) motion to dismiss. *See Off. Solution Grp., LLC v. Nat'l Fire Ins. Co. of Hartford*, 544 F. Supp. 3d 405, 412 (S.D.N.Y 2021) (quoting *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015)) (considering executive orders because "they are accessible on the State of New York's website"). Plaintiff has not objected to the Court's consideration of these exhibits nor sought discovery concerning the arguments Defendant has raised in its motion to dismiss. And, the Court finds no reason to doubt the exhibits' accuracy or reliability. The Court therefore takes judicial notice of Defendant's exhibits, each of which were taken directly from Defendant's website. The background of this memorandum and order relies upon Defendants exhibits, as well as facts alleged in the complaint (ECF No. 1).

[2] A special district is a geographic area within a town established to address specific needs of the property owners within that district. (Ex. C at 2, Kleinberg Decl., ECF No. 20-3.)

both taxes collected by North Hempstead as well as revenues from services and programs Defendant offers to residents of Nassau County. (*See* Ex. C at 2, 10, Kleinberg Decl., ECF No. 20-3.)

Plaintiff has worked for Defendant since 2012 performing various duties, including serving as a cashier and scheduler. (Compl. ¶ 6.) Plaintiff claims that she should have been paid the rate a scheduler receives when she served as a scheduler, but never received that rate. (*Id.* ¶¶ 24–28.) Instead, she was always paid the lower cashier rate regardless of whether she served as a scheduler or cashier. (*Id.* ¶ 27.) When Plaintiff worked in excess of 40 hours per week, she was not paid overtime. (*Id.* ¶¶ 10–11.) Plaintiff was never provided with an accurate statement listing her dates of work, her rate of pay, whether she was paid by the hour, her overtime rate, the number of hours she worked, her gross wages, or applicable deductions, allowances, and net wages. (*Id.* ¶ 12.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.*

(citations omitted).

## DISCUSSION

"New York's Labor Law is the state analogue to the federal FLSA." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 359 (E.D.N.Y. 2015) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011)). As relevant here, the NYLL requires that an employee "must be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 43 (E.D.N.Y. 2015) (adopting report and recommendation) (citation and quotation omitted). And, employers must "furnish a written notice or a wage statement" to employees. *Thompson v. Hyun Suk Park*, No. 18-CV-06, 2020 WL 5822455, at *5 (E.D.N.Y. Sept. 1, 2020) (citing NYLL §§ 195(1), (3)), *report and recommendation adopted*, 2020 WL 5820547 (E.D.N.Y. Sept. 30, 2020). Notably, "[t]he remedies provided by the NYLL . . . extend beyond those available under the FLSA" because the NYLL subjects an employer to liquidated damages. *See Cromwell v. N.Y.C. Health & Hosps. Corp.*, 983 F. Supp. 2d 269, 274–75 (S.D.N.Y. 2013). Of particular relevance here, "NYLL § 190(3) provides that [t]he term 'employer' shall not include a governmental agency." *Davidson v. Cnty. of Nassau*, No. 18-CV-1182, 2020 WL 956887, at *3 (E.D.N.Y. Feb. 26, 2020) (internal quotation marks omitted).[3] Similarly, "New York Labor Law § 651(5) exempts from its wage requirements those employed 'by a federal, state or municipal government or political subdivision thereof.'" *Massiah v. MetroPlus Health Plan, Inc.*, 856 F. Supp. 2d 494, 497 (E.D.N.Y. 2012). Against this backdrop,

---

[3] Although the definition uses the term 'agency,' it covers cities, counties, and even police departments. *See Arciello v. Cnty. of Nassau*, No. 16-CV-3974, 2019 WL 4575145, at *8 (E.D.N.Y. Sept. 20, 2019) (agreeing that "Nassau County is a governmental agency within the meaning of the NYLL, and is thus exempt from . . . NYLL § 191[.]"); *Perry v. Town of Huntington*, 60 Misc. 3d 45, 49 (N.Y. App. Div. 2018) (holding that § 190(3) excludes a town); *Hodgson v. City of New York*, No. 12-CV-1634, 2013 WL 840874, at *6 (S.D.N.Y. Mar. 7, 2013) (finding NYLL does not apply to New York or the New York City Police Department).

3

Defendant argues that Plaintiff's NYLL claims must be dismissed because Defendant is excluded from the statute's coverage. (Def.'s Mem. Supp. Mot. to Dismiss ("Def.'s Mem.") at 5–7, ECF No. 21.) The Court agrees.

Neither party has presented a case addressing how New York courts determine whether a special district falls within the exceptions contained in sections 190(3) and 651(5), and it appears to be a matter of first impression for this Court. Defendant directs the Court to *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y. 2d 382 (1987), in which the New York Court of Appeals determined that a New York public benefit corporation should be treated as though it is the state, and therefore not subject to punitive damages. *Id.* at 386. After noting that the purposes of punitive damages were "punishment and deterrence," which are not served by their imposition on the state, the court conducted a "particularized inquiry" to determine whether the public benefit corporation should be treated like the state. *Id.* at 386–87. *First*, the court considered the "enabling legislation" that created the public benefit corporation to determine its purpose. *Id.* at 387. That purpose, the court found, was to provide commuter transportation, which the court described as an "essential public function." *Id.* at 387. *Second*, the court considered the source of the defendant's funding and determined that 49 percent of its total expenses were financed "from outside subsidies, most of which were derived from public sources." *Id.* at 388. Ultimately, the court concluded that the defendant should be treated as the state and held that it was not subject to punitive damages. *Id.*

Applying that test here, the Court agrees with Defendant that it is beyond the reach of the NYLL's overtime and wage statement provisions.[4] At the outset, the purpose of a special district

---

[4] The *Clark-Fitzpatrick* test's usefulness here is not immediately clear to the Court, given that Defendant is a special purpose district and not a public benefit corporation that enjoys "an existence separate and apart from the [s]tate, its agencies and political subdivisions." *See John Grace & Co. v. State Univ. Constr. Fund*, 44 N.Y.2d 84, 88 (N.Y. 1978). That is, there is no indication that Defendant is "independent and autonomous, deliberately designed to be

4

broadly is to "carry[] on, perform[], or financ[e] one or more improvements or services intended to benefit the health, welfare, safety or convenience of the inhabitants of such district or to benefit the real property within such district[.]" *See Town of North Hempstead v. Cnty. of Nassau*, 32 Misc. 3d 809, 813 (N.Y. Supp. Ct. 2011); *see also Green v. City of New York*, 465 F.3d 65, 79 (2d Cir. 2006) ("[A] special purpose district, at least in New York, is understood to mean a district set up by a municipality to serve certain needs such as sewer, drainage, parking, and the like."). Defendant's specific purpose is to "obtain and preserve open space" (Ex. D, Kleinberg Decl., ECF No. 20-4; Ex. H, Kleinberg Decl., ECF No. 20-8), and "enhanc[e] [the] community by enriching the lives of [its] diverse residents through exceptional park spaces, facilities, recreational experiences and preserving the environment," (Ex. G, Kleinberg Decl., ECF No. 20-7). These are "essential government function[s]," similar to that served by, for example, the New York City Parks Department. *See Tongring v. Bronx Cmty. Coll. of City Univ. of N.Y. Sys.*, No. 12-CV-6854, 2014 WL 463616, at *3 (S.D.N.Y. Feb. 4, 2014) (finding that Bronx Community College is not covered by NYLL in part because it serves the "essential government function of meeting the state's responsibility to provide post-secondary education in New York City beyond the associate degree level" (internal quotation marks, citation, and alterations omitted)); *see also* Vision and Mission, New York City Parks, https://www.nycgovparks.org/about/mission-and-vision (last visited January 31, 2023) ("Our vision is to create and sustain thriving parks and public spaces for New Yorkers [and] . . . to plan resilient and sustainable parks, public spaces, and recreational amenities, build a park system for present and future generations, and care for parks and public spaces."). Moreover, more than 60

---

able to function with a freedom and flexibility not permitted to an ordinary [s]tate board, department or commission or agency." *Id.* (internal quotation marks omitted).

5

percent of Defendant's funding in 2022 was derived from taxes imposed on North Hempstead residents. (*See* Ex. I at 33, Kleinberg Decl., ECF No. 20-9; Ex. J, Kleinberg Decl., ECF No. 20-10). Defendant, therefore, should be treated as the state for purposes of the NYLL.

Resisting this conclusion, Plaintiff asks the Court to reject the *Clark-Fitzgerald* test, and instead consider the factors developed in *Massiah v. MetroPlus Health Plan*, 856 F. Supp. 2d 494 (E.D.N.Y. 2012). (*See* Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 3–5, ECF No. 23.) The Court notes that, although well-reasoned, the factors the court developed in *Massiah* were not derived from New York case law. *See* 856 F. Supp. 2d at 498. And, the test articulated in *Massiah* has been considered and rejected by other courts. *See, e.g.*, *Ali v. N.Y.C. Health & Hosps. Corp.*, No. 11-CV-6393, 2013 WL 1195794, at *3 n.4 (S.D.N.Y. Mar. 25, 2013) (rejecting *Massiah* court factors, noting that the court "failed to cite any authority for the factors it considered"); *Cromwell v. N.Y.C. Health & Hosps. Corp.*, 983 F. Supp. 2d 269, 276 n.7 (S.D.N.Y. 2013) (questioning and rejecting *Massiah* factors). The Court need not weigh in on the soundness of the *Massiah* test, however, because even if the Court agreed that it should be applied here, the Court's determination would remain unchanged.

In determining that the public benefit corporation was not exempt from the NYLL, the *Massiah* court considered: "the degree to which the [public benefit corporation] dominates the service area in which it operates"; whether the public benefit corporation's "powers, functions, and obligations" are "similar to its counterparts in the private or not-for-profit sector"; and "the aims and goals of the particular New York statute in question." *Id.* at 498. *First*, Plaintiff argues that Defendant "is not a sole provider of facilities to play tennis, swim etc." (Pl.'s Opp'n at 5) but ignores that Defendant's primary purpose is the preservation of open space. Plaintiff does not argue that private entities provide this service. *Second*, Plaintiff argues, in conclusory fashion,

6

that unlike government agencies, Defendant "has the power to transact its own nongovernmental business; it may execute its own contracts, leases, and other agreements; [and] it has the substantial ability to hire and control its personnel." (Pl.'s Opp'n at 5.) But, Plaintiff ignores that Defendant is overseen by a board of commissioners that is elected by taxpayers, not an independent board of directors made up, in part, by non-government employees, as in *Massiah*. *Id.* Moreover, as already discussed, Defendant's expenses are largely paid through taxes levied by the Town of North Hempstead. Indeed, more than 60 percent of Defendant's expenses are paid through property taxes, and the remainder is paid through revenues generated by its services. (*See* Ex. H at 1.) This stands in stark contrast to the public benefit corporation in *Massiah,* where only four percent of its budget was funded by state or city governments. *See* 856 F. Supp. 2d at 499. *Third*, Plaintiff argues that application of NYLL to Defendant would effectuate its broad remedial purpose. (Pl.'s Opp'n at 5.) But, that purpose is not served by punishing taxpayers with liquidated damages for violations by Defendant. The NYLL provides for liquidated damages, which is a form of punitive damages, that goes beyond an employee's unpaid wages. *See Cromwell*, 983 F. Supp. 2d at 274–75. It is no surprise, then, that government entities are excluded from the NYLL's coverage. *See Clark-Fitzpatrick*, 70 N.Y.2d at 388 ("We have held that the State and its political subdivisions are not subject to punitive damages."). Indeed, permitting NYLL liability for unpaid overtime wages would serve only to burden blameless taxpayers with liquidated damages. *Cromwell*, 983 F. Supp. 2d at 275 (holding public benefit corporation is not subject to NYLL because liquidated damages would "either diminish [defendant's] resources or fall on the blameless taxpayer"). Even under the *Massiah* test, Defendant is exempt from the NYLL.

In sum, the Court finds that Defendant is a political subdivision and government entity

under the NYLL, and therefore, Plaintiff's NYLL claims are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's NYLL claims is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       March 27, 2023  L<small>A</small>SHANN D<small>E</small>ARCY HALL
                          United States District Judge